IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00596-DDD-CYC

MALLORY MARTINEZ, and
ESTATE OF JACCOB ROBERT WADDELOW,

      Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY,
REGGIE MARINELLI,
VITALCORE HEALTH STRATEGIES,
FEDERAL BUREAU OF PRISONS, and
ENGLEWOOD FEDERAL CORRECTIONAL INSTITUTION,

      Defendant.

---

## ORDER

**Cyrus Y. Chung, United States Magistrate Judge**.

This matter is before the Court on the plaintiffs' Motion for Order Extending Time Period with Regard to Scheduling Order and Scheduling Conference and Time For Perfecting Service. ECF No. 8. This case was filed on February 24, 2025, ECF No. 1, and the plaintiffs have not yet served the defendants. As a result, the plaintiffs ask the Court to reset the Scheduling Conference to a later date and to extend the deadline for service pursuant to Fed. R. Civ. P. 6(b)(1)(B). *See generally* ECF No. 8.

Rule 4(m) requires a plaintiff to serve a defendant "within 90 days after the complaint is filed," but "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." The plaintiffs admit that they have not yet completed service and the deadline elapsed on May 25, 2025. ECF No. 8 at 2. Rather than relying on Rule 4, the plaintiffs seek relief under Rule 6(b)(1)(B), which provides that when an act must be done within

a specified time, the Court may extend the time "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6 is not applicable here because the plaintiffs are seeking an extension of their Rule 4 deadline. *See In re Kirkland*, 86 F.3d 172, 175 (10th Cir. 1996) ("Had the drafters of the federal rules intended to include an excusable neglect standard in Rule 4[m][1], they could certainly have done so."). As a result, the Court does not consider excusable neglect. Instead, the question is whether an extension is warranted under Rule 4(m).

The plaintiffs explain that plaintiff Martinez is incarcerated and was "held in 'the hole' for months with almost no access to the phones" until recently. ECF No. 8 at 2. As a result, the plaintiffs' counsel has had difficulty conferring with her to discuss this case. *Id*. In addition, plaintiff Martinez's cognitive abilities have been "compromised." *Id*. They also note that their attorney "came onto the case very shortly before the filing [of the complaint], which had to be done on that date to remain within the statute of limitations." *Id*. at 1.

The motion does not address Rule 4(m) but, as noted above, if the plaintiffs show good cause, the Court must extend the deadline for service of the defendants. Fed. R. Civ. P. 4(m). The rule also allows the Court to permissively extend the service deadline: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against the defendant *or order that service be made within a specified time*." *Id*. (emphasis added). Rule 4(m), then, *requires* the Court to extend the service deadline on a showing of good cause and *allows* the Court to extend

---

[1] In 1993, the relevant rule was Fed. R. Civ. P. 4(j). As part of the 1993 amendments, it was "amended and recodified . . . and is now Fed. R. Civ. P. 4(m)." *Espinoza v. United States*, 52 F.3d 838, 840 (10th Cir. 1995).

the deadline in its discretion. *Sullivan v. Univ. of Kan. Hosp. Auth*., 844 F. App'x 43, 52 (10th Cir. 2021).

With regard to a mandatory extension under Rule 4(m), the Tenth Circuit has interpreted good cause narrowly and held that good cause "requires a greater showing than 'excusable neglect.'" *Kirkland*, 86 F.3d at 174–75. The Tenth Circuit has not specifically defined good cause for purposes of Rule 4(m) but has held that "inadvertence or mistake of counsel or ignorance of the rules" is usually insufficient. *Id*. at 176. In addition, "absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiffs." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Relevant here, "[t]he fact that the statute of limitations has run [ ] does not demonstrate good cause . . . ." *Id*. Further, "[t]he plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176. The plaintiffs do not meet this standard. The plaintiffs' counsel's statement that she "did not want to bother defendants with service until a decision is made about moving forward with the case or not," ECF No. 8 at 2, makes clear that the plaintiffs did not make any efforts, let alone "meticulous" efforts, to comply with Rule 4(m)'s deadline. As a result, there has been no showing of good cause and a mandatory extension is not warranted.

The Court must also consider whether a permissive extension should be granted. *Scott v. Hern*, 216 F.3d 897, 912 (10th Cir. 2000). "In determining whether to grant a permissive extension, courts consider several factors, including the complex requirements of multiple service, . . ., the statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Shepard v. United States Dep't of Veteran Affairs*, No. 18-cv-01098-PAB-KMT, 2019 WL 5095680, at *3 (D. Colo. July 11, 2019). While the Court makes no determination regarding what statute of limitations applies or if it has elapsed, the plaintiffs allege that the case

had to be filed quickly in order to meet the statute of limitations. ECF No. 8 at 2. Given that

allegation, dismissal without prejudice for failure to meet Rule 4's deadline could effectively

result in a dismissal with prejudice because of the statute of limitations. Further, there does not

appear to be significant prejudice to the defendants if there is a short delay of service. A

permissive extension is appropriate here. *Forzani v. Peppy Prods.*, No. 18-cv-01715-RM-KLM,

2018 WL 5845051, at *6 (D. Colo. Nov. 8, 2018), *recommendation adopted*, 2018 WL 6791100

(D. Colo. Dec. 3, 2018). However, in order to minimize any potential prejudice, only a 30-day

extension is warranted.

Accordingly, it is hereby ORDERED that the plaintiffs' Motion for Order Extending

Time Period with Regard to Scheduling Order and Scheduling Conference and Time For

Perfecting Service, ECF No. 8, is **GRANTED in part**.

It is further ORDERED that:

- the plaintiffs shall serve the defendants **on or before July 14, 2025**;

- the June 17, 2025 Scheduling Conference is RESET on September 18, 2025 at
  10:30 a.m.; and

- the proposed Scheduling Order shall be filed **on or before September 11, 2025**.

**The plaintiffs are warned that failure to serve the defendants within the extended**

**deadline could result in dismissal of this case.**

Entered and dated this 13th day of June, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge