IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-00596-DDD-CYC

MALLORY MARTINEZ, and
ESTATE OF JACCOB ROBERT WADDELOW,

    Plaintiffs,

v.

THE BOARD OF COUNTY COMMISSIONERS OF JEFFERSON COUNTY,
REGGIE MARINELLI,
VITALCORE HEALTH STRATEGIES,
FEDERAL BUREAU OF PRISONS, and
ENGLEWOOD FEDERAL CORRECTIONAL INSTITUTION,

    Defendants.

## ORDER AND RECOMMENDATION OF MAGISTRATE JUDGE

**Cyrus Y. Chung, United States Magistrate Judge**.

    This matter is before the Court on the plaintiffs' Motion for Order Extending Time Period with Regard to For [sic] Perfecting Service. ECF No. 13. As an initial matter, the motion does not comply with D.C.COLO.MJ V.7, which requires that motions for extensions of time be filed at least three business days before the operative deadline. The motion was filed the day after the July 14, 2025 deadline set in the Court's June 13, 2025 Order. ECF No. 12 at 4. In addition, D.C.COLO.MJ V.7 requires the movant to "demonstrate that they have been diligent during the time allotted." The motion includes no such showing. The motion also fails to comply with D.C.COLO.LCivR 6.1(c), which requires counsel to contemporaneously serve motions for extensions of time on their clients. The motion can be denied for these failures alone. *See also* DDD Civ. P.S. III(B) (noting that untimely motions may be denied without prejudice or stricken sua sponte).

Considering the substance of the motion also leads to the conclusion that the motion should be denied.

Notably, the first five paragraphs of this motion and the plaintiffs' motion filed on June 10, 2025, ECF No. 8, appear to be identical. This is problematic because paragraph five discusses plaintiff Martinez's status and her counsel's inability to meet with her because she is incarcerated and states that plaintiff Martinez was "just released last week" from "the hole," but the averments in the two motions are unlikely to both be true given that one was filed on June 10th and the other was filed on July 15th.

Beyond the potential for factual inaccuracies in the motion filed on July 15th, ECF No. 13, the standard the plaintiffs argue applies to the request for relief is inaccurate, which was pointed out to the plaintiffs in the Court's June 13, 2025 Order. ECF No. 12. Specifically, the plaintiffs request relief under Fed. R. Civ. P. 6(b)(1)(B), arguing that they have shown "excusable neglect" for their failure to serve the defendants by the July 14, 2025 deadline. ECF No. 13 at 4. As elucidated by the Court in its June 13, 2025 Order, the standard they must meet is Rule 4(m)'s good cause standard. ECF No. 12 at 2–4. As the Court previously explained to these plaintiffs:

> the Tenth Circuit has interpreted good cause narrowly and held that good cause "requires a greater showing than 'excusable neglect.'" [*In re*] *Kirkland*, 86 F.3d [172] at 174–75 [(10th Cir. 1996)]. The Tenth Circuit has not specifically defined good cause for purposes of Rule 4(m) but has held that "inadvertence or mistake of counsel or ignorance of the rules" is usually insufficient. *Id*. at 176. In addition, "absence of prejudice to the defendants, by itself, does not equate to good cause on the part of the plaintiffs." *Despain v. Salt Lake Area Metro Gang Unit*, 13 F.3d 1436, 1438 (10th Cir. 1994). Relevant here, "[t]he fact that the statute of limitations has run [ ] does not demonstrate good cause . . . ." *Id*. Further, "[t]he plaintiff who seeks to rely on the good cause provision must show meticulous efforts to comply with the rule." *Kirkland*, 86 F.3d at 176. The plaintiffs do not meet this standard. The plaintiffs' counsel's statement that she "did not want to bother defendants with service until a decision is made about moving forward with the case or not," ECF No. 8 at 2, makes clear that the plaintiffs did not make

2

> any efforts, let alone "meticulous" efforts, to comply with Rule 4(m)'s deadline.
> As a result, there has been no showing of good cause and a mandatory extension
> is not warranted.

ECF No. 12 at 3. The same is true today. The plaintiffs do not offer any explanation of any steps they have taken to comply with Rule 4(m). Instead, the plaintiffs' attorney again states that "[b]ecause undersigned could not communicate with Ms. Martinez, she did not want to bother defendants with service until a decision is made about moving forward with the case or not," ECF No. 13 at 2, and the plaintiffs add that "[t]here is more investigation work that needs to be done." *Id*. at 4. Neither of those statements show good cause for the plaintiffs' failure to serve the defendants; the plaintiffs do not explain, for instance, what investigation work is needed to effectuate service. Accordingly, as the Court concluded in its June 13, 2025 Order, mandatory extension under Rule 4(m) is not warranted.

In its June 13, 2025 Order, the Court granted a permissive extension of 30 days weighing the potential prejudice to the defendants with the plaintiffs' averment that the statute of limitations ran around the time when the case was filed. ECF No. 12 at 3–4. The Court warned the plaintiffs that "**failure to serve the defendants within the extended deadline could result in dismissal of this case.**" *Id*. at 4. In determining whether a permissive extension is appropriate, courts consider several factors "including the complex requirements of multiple service, the plaintiff's pro se status, the statute of limitations, the danger of prejudice to the defendant, and the length of the delay." *Est. of Goodwin by & through Alvarado v. Connell*, 376 F. Supp. 3d 1133, 1153 (D. Colo. 2019). The plaintiffs offer no argument that these factors weigh in favor of a second permissive extension. *See generally* ECF No. 13. Further, there is no reason to believe that service is complex and the plaintiffs are represented by counsel. The only consideration that counsels against dismissal is the potential that the statute of limitations may have run while this case was pending, but the plaintiffs only offer that as an unsupported idea — there is no evidence

3

or argument to substantiate that possibility. In addition, the plaintiffs' complete "failure to attempt to comply with Rule 4(m) cuts against a permissive extension." *Elide Fire USA Corp. v. Auto Fire Guard, LLC*, No. 21-cv-00942-NYW, 2022 WL 672485, at *5 (D. Colo. Mar. 7, 2022), *recommendation adopted*, No. 21-cv-00942-WJM-NYW, 2022 WL 2287527 (D. Colo. Apr. 18, 2022); *see Matthews v. U.S.A. in relation to U.S. Army*, No. 23-cv-03002-GPG-MDB, 2024 WL 4643600, at *6 (D. Colo. Aug. 15, 2024) (noting that the plaintiff's failure to demonstrate any efforts to serve the defendants did not show "meticulous efforts" to serve them), *recommendation adopted*, 2024 WL 4643447 (D. Colo. Oct. 11, 2024), *appeal dismissed for lack of prosecution*, No. 24-1412 (10th Cir. Nov. 13, 2024). Given the above, the Court will not grant another permissive extension. *See Mark v. N. Navajo Med. Ctr.*, 631 F. App'x 514, 516 (10th Cir. 2015) (finding that the district court did not err when dismissing claims without prejudice for failure to serve when "the court has already granted [the plaintiff] a permissive extension of time" and the plaintiff did not show good cause); *Acosta v. Cnty. of Socorro*, No. 15-CV-962 JAP/LAM, 2016 WL 10179312, at *5 (D.N.M. Aug. 11, 2026) ("Plaintiff's counsel's complete lack of diligence, disregard of court orders, and general failure to provide any reasonable explanation for failing to timely serve Defendant strongly counsel against granting yet another permissive extension of service deadline.").

For these reasons, it is hereby ORDERED that plaintiffs' Motion for Order Extending Time Period with Regard to For [sic] Perfecting Service, ECF No. 13, is **DENIED**.

Pursuant to Rule 4(m), if a defendant is not timely served, "the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). The Court previously extended the plaintiffs' deadline to serve the defendants and warned them that failure

to serve the defendants could result in dismissal of the case. ECF No. 12 at 4. Despite that warning, the plaintiffs, who are represented by counsel, took no steps to complete service within the additional 30 days granted by the Court. Given that the defendants have not been timely served, the Court "must dismiss the action without prejudice." Fed. R. Civ. P. 4(m); *Guzman Loera v. True*, No. 21-cv-02794-NYW-MEH, 2023 WL 2773398, at *2 (D. Colo. Apr. 4, 2023).

Accordingly, it is further respectfully RECOMMENDED that the plaintiffs' claims be **DISMISSED without prejudice** for failure to timely serve the defendants pursuant to Fed. R. Civ. P. 4(m).[1]

Entered and dated this 18th day of July, 2025, at Denver, Colorado.

BY THE COURT:

Cyrus Y. Chung
United States Magistrate Judge

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen days after being served with a copy may bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545 F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Finally, all parties must consult and comply with the District Judge's practice standards for any specific requirements concerning the filing and briefing of objections.